**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

RONALD J. MACK, #1157093,

                Petitioner,

v.                                       ACTION NO.   2:19cv359

HAROLD W. CLARKE,

                Respondent.

**UNITED STATES MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

      This matter is before the Court on Ronald J. Mack's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and the motion to dismiss filed by respondent Harold W. Clarke, Director of the Virginia Department of Corrections ("respondent").  This matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Local Rules of the United States District Court for the Eastern District of Virginia.   For the following reasons, the Court **RECOMMENDS** that respondent's motion to dismiss, ECF No. 15, be **GRANTED**, and the petition for a writ of habeas corpus, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE**.

              **I.**        **STATEMENT OF THE CASE**

      Petitioner Ronald J. Mack ("Mack"), a Virginia inmate, has submitted a *pro se* petition pursuant to 28 U.S.C. § 2254.   ECF No. 1.   Mack alleges his federal rights were violated when he was convicted in the Circuit Court for the City of Richmond on May 15, 2015 of grand larceny,

and sentenced to 11 years in prison.   ECF No. 1 at 1; *United States v. Mack*, No. CR14F01496–00 (Va. Cir. May 15, 2015).

Mack appealed his conviction to the Court of Appeals of Virginia, which refused his appeal on February 26, 2016.   *United States v. Mack*, No. 1118-15-2 (Va. App. Feb. 26, 2016).   The Supreme Court of Virginia dismissed Mack's petition for appeal on December 8, 2016, and denied his petition for rehearing on May 11, 2017.   *United States v. Mack*, No. 160494 (Va. May 11, 2017).

Mack executed a petition for a writ of habeas corpus on February 12, 2018, which he filed in the Supreme Court of Virginia on February 16, 2018.   *Mack v. Dir., Dep't of Corr.*, No. 180239 (Va. Feb. 16, 2018).   Mack amended the petition on April 20, 2018, and the amended petition was dismissed on December 6, 2018.   *Mack v. Dir., Dep't of Corr.*, No. 180239 (Va. Dec. 6, 2018).

On July 3, 2019, Mack placed in the prison mailroom his *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was filed in this Court on July 8, 2019.   ECF No. 1 at 15.   Mack asserts he is entitled to relief because he was denied effective assistance of counsel. *Id.* at 5–6, 9–10; ECF No. 1-1 at 1–64.   On November 18, 2019, respondent filed a Rule 5 answer and motion to dismiss with a memorandum in support.   ECF Nos. 15–17.   Mack filed a response to the motion, and a supplement to the response, on January 6, 2020.   ECF Nos. 25–26.

## II.     ANALYSIS

**A.     Mack's federal habeas petition is barred by the statute of limitations.**

Pursuant to 28 U.S.C. § 2244(d), a one-year statute of limitations applies to federal habeas petitions brought by state prisoners:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(A), (d)(2).

Mack's convictions became final on August 9, 2017, when he did not petition the United States Supreme Court for a writ of certiorari within 90 days of May 11, 2017.  Sup. Ct. R. 13(1); *Wall v. Kholi*, 562 U.S. 545, 548 (2011) (noting that a "conviction became final on direct review when [a habeas petitioner's] time expired for filing a petition for a writ of certiorari in this Court"). Mack's one-year federal limitations period began to run on August 9, 2017, and, absent tolling, would have expired on August 9, 2018.

**B.  Statutory tolling applies, but does not extend Mack's limitations period to the date he filed his federal petition.**

Under Section 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  While properly filing a petition for a writ of habeas corpus in state court tolls the federal limitations period, it does not restart the one-year period.  *See Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007).

Mack filed his state habeas petition on February 16, 2018, after 191 days of his federal limitations period had run under section 2244(d)(1)(A).  The Supreme Court of Virginia denied his petition on December 6, 2018, and the 174 days remaining in his federal limitations period began to run.  Therefore, Mack's federal limitations period expired on May 29, 2019, over one month prior to July 3, 2019, when he deposited his federal petition in the prison mail room.

3

Accordingly, while statutory tolling does apply to Mack's federal limitations period, his petition was not timely filed.

## C.    Mack is not entitled to equitable tolling.

AEDPA's statute of limitations provision is subject to equitable tolling.   With equitable tolling, petitioners bear the burden of demonstrating that (1) they pursued their rights diligently, and (2) some "extraordinary circumstance" stood in their way that prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).   In his petition, Mack makes no argument that he is entitled to equitable tolling, noting only that his federal petition is timely because his state habeas petition was denied by the Supreme Court of Virginia on December 6, 2018.   ECF No. 1 at 13.   As discussed above, the state habeas filing did not restart the one-year limitations period, and this argument fails.

In response to the motion to dismiss, Mack asserts the statute of limitations should be equitably tolled for three reasons:   (1) due to his counsel's ineffectiveness, he is entitled to equitable tolling under the holding in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012); (2) he pursued his rights diligently, but extraordinary circumstances (related to his mental health) stood in the way of timely filing; and (3) he is actually innocent of the offense.   ECF No. 25 at 29–34.

With respect to the first argument, the rule excusing the procedural default of ineffective assistance of trial counsel claims created by *Martinez v. Ryan*, 566 U.S. 1 (2012), does not create a basis for equitably tolling the federal habeas limitations period.   *See Arthur v. Thomas*, 739 F.3d 611, 630 (11th Cir. 2014) ("[T]he *Martinez* rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to [the] statute of limitations [in § 2244(d)] or the tolling of that period."); *Proctor v. Dir., Dep't of Corr.*, No. 7:11cv00202, 2018 WL 6571215, at *3 (W.D. Va. Dec. 13, 2018) (finding *Martinez* created no basis for tolling the federal

4

habeas limitations period); *Wilson v. Perry*, No. 1:14cv576, 2014 WL 4685405, at *1 (M.D.N.C. Sept. 19, 2014) (collecting cases agreeing with *Thomas*).   Therefore, *Martinez* does not apply to toll Mack's federal limitations period.

With respect to his second argument, Mack is correct that the AEDPA's statute of limitations provision is subject to equitable tolling if he can demonstrate that he pursued his rights diligently, and some "extraordinary circumstance" stood in his way that prevented timely filing. ECF No. 25 at 30; *see Holland*, 560 U.S. at 649.   Mack asserts that he was placed in a segregation unit on February 1, 2019 for something he did not do and this caused him to become depressed. ECF No. 25 at 30.   Due to depression, he was "unable to do anything," and could not file his petition until he received medication (Prozac).   *Id.* at 30–31.   Mack attaches copies of counseling request forms indicating that on March 10, 2019, he requested a mental health appointment because he was experiencing anxiety and stress, and was unable to sleep.   ECF No. 26-1 at 6.   On April 4, 2019, he again requested a mental health appointment due to depression and a need for medication.   *Id.* at 5.   On November 24, 2019, Mack requested a change in his medication, and the counselor's response indicated Mack had been continued on Prozac.   *Id.* at 3.

"As a general matter, the federal courts will apply equitable tolling because of a petitioner's mental condition only in cases of profound mental incapacity," such as when the petitioner is institutionalized or adjudged mentally incompetent. *United States v. Sosa,* 364 F.3d 507, 513 (4th Cir.2004) (citing *Grant v. McDonnell Douglas Corp.,* 163 F.3d 1136, 1138 (9th Cir. 1998)).   Petitioners "must make a threshold showing of incompetence and must also demonstrate that the alleged incompetence affected [his] ability to file a timely habeas petition." *Robison v. Hinkle*, 610 F. Supp. 2d 533, 539 (E.D. Va. 2009).   The Court cannot grant equitable tolling based on a conclusory allegation that Mack's mental illness caused his failure to file on time.   *See id.* at

5

539–40; *see also Long v. Deep Meadow Corr. Ctr.*, No. 3:18cv049-JAG, 2018 WL 3427644, at *3 (E.D. Va. July 16, 2018) (finding "bare allegations that [petitioner] suffers from PTSD, depression, and anxiety do not demonstrate a causal connection to his inability to file on time").

Further, Mack's state petition was denied on December 16, 2018, and the incident leading to his depression did not occur until February 1, 2019.  Accordingly, even if the Court found Mack's depression prevented him from filing his federal petition—which it does not—Mack had sufficient time to timely file his federal petition prior to February 1, 2019, and is not entitled to equitable tolling on this basis.  *Roberts v. Watson*, 697 F. Supp. 2d 646, 653 (E.D. Va. 2010) ("Unexplained delays in filing petitions do not demonstrate diligence on the part of petitioner in pursuing his rights" (citing *Pace*, 544 U.S. at 419; *Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001))).

Mack's third argument, that he is actually innocent of grand larceny, was not argued in support of equitable tolling in his petition.  *See* ECF No. 1.  In his response to the motion to dismiss, Mack asserts that he "repeatedly claimed" his innocence in the petition.  ECF No. 25 at 34.  Mack's ineffective assistance of counsel argument contains assertions that counsel's investigation of the lottery tickets Mack possessed would have shown that they were not stolen, ECF 1-1 at 2; counsel's pointing out the inconsistent testimony of the witnesses "could have easily . . . proved that [Mack] did not burglarize[] that store," *id.* at 4, such as the store owner testifying at the preliminary hearing that no cigarettes were missing and testifying at trial that many cartons were taken, *id.* at 8; and, it was ineffective for counsel not to have introduced evidence that Mack's DNA was not on the stolen firearms, *id.* at 16.  According to the Supreme Court of Virginia, the evidence presented at Mack's trial showed,

> [p]etitioner fled from officers and items fell from his pockets as he did so.   Officers quickly apprehended petitioner and retraced the path he traversed as he fled. Along that path, officers found significant quantities of cash, cartons of cigarettes that were the same brand as those found in petitioner's pocket, and close to 100 unscratched lottery tickets that were taken from the store.

*Mack v. Dir., Dep't of Corr.*, No. 180239 (Va. Dec. 6, 2018).

The Supreme Court has recognized actual innocence as a basis for overcoming the expiration of the statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (explaining that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations"). A gateway claim requires a petitioner to present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).   "Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Id.*   If a petitioner produces new, reliable evidence of his or her innocence, the Court then considers "'all the evidence,' old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under 'rules of admissibility that would govern at trial,'" and determines whether the petitioner has met the standard for a gateway claim of innocence. *House v. Bell*, 547 U.S. 518, 538 (2006) (quoting *Schlup*, 513 U.S. at 327–28).   The Court determines "whether 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Sharpe v. Bell*, 593 F.3d 372, 377 (4th Cir. 2010) (quoting *Schlup*, 513 U.S. at 324, 327–28).

Mack has multiple arguments in his petition for how counsel could have cross-examined witnesses or presented evidence differently, but he has not presented any new, reliable evidence of innocence that was not presented at his trial. *Hill v. Johnson*, No. 3:09cv659, 2010 WL

5476755, at *5 (E.D. Va. Dec. 30, 2010) (finding "conclusory, unsubstantiated allegations of innocence are hardly the sort of new reliable evidence described by the Supreme Court"). "The Court need not proceed to this second step of the inquiry unless the petitioner first supports his or her claim with evidence of the requisite quality." *Id.* (citing *Weeks v. Bowersox*, 119 F.3d 1342, 1352–53 (8th Cir. 1997)). Accordingly, the actual innocence exception does not apply to allow the Court to address Mack's petition.

Mack has failed to establish that he is entitled to equitable tolling, and his federal petition is barred by the statute of limitations.

### III.    RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that respondent's motion to dismiss, ECF No. 15, be **GRANTED**, and the petition for a writ of habeas corpus, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE** as barred by the statute of limitations.

### IV.    REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.    Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2.      A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).


_____/s/_____
Robert J. Krask
United States Magistrate Judge


Norfolk, Virginia
April 10, 2020

**<u>Clerk's Mailing Certificate</u>**

A copy of the foregoing was provided electronically to counsel for respondent and was

mailed this date to:

      Ronald J. Mack, #1157093
      Sussex I State Prison
      24414 Musselwhite Dr.
      Waverly, VA 23891

                    Fernando Galindo, Clerk

                    By /s/ J.L.Meyers
                          Deputy Clerk

                    April 10 , 2020

10